UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAYLA M. PARROT,<br><br>                           Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                           Defendant. | CASE NO. C15-1525-BHS-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Tayla M. Parrott proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Child's Disability Benefits (CDB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

# FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1993.[1]  She completed ninth grade and does not have a GED, and has worked for less than a month as a laborer on a berry farm and a potato cleaner. (AR 34, 222.)

Plaintiff filed applications for CDB and SSI in February 2013, alleging disability beginning on the date of her birth, February 9, 1993.  (AR 192-202.)  Her applications were denied at the initial level and on reconsideration, and she timely requested a hearing.  (AR 106-36.)

On July 16, 2014, ALJ M.J. Adams held a hearing, taking testimony from Plaintiff, Plaintiff's mother, and a vocational expert (VE).  (AR 30-59.)  On August 11, 2014, the ALJ issued a decision finding Plaintiff not disabled.  (AR 13-25.)

Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on August 17, 2015 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

# JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

# DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had never engaged in substantial gainful activity.  (AR 15.)  At step two, it must be determined whether a

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's anxiety disorder, learning disability, and substance abuse/dependence.  (AR 15-17.)  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.  (AR 17-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff able to perform a full range of work at all exertional levels, but with some non-exertional limitations.  Specifically, Plaintiff can perform simple, routine tasks and follow short, simple instructions, do work that needs little or no judgment, and can perform simple duties that can be learned on the job in a short period of less than 30 days.  She can respond appropriately to supervision and co-workers, and deal with occasional changes in the work environment that requires only occasional exposure to or interaction with the general public. (AR 19-24.)

Plaintiff has no past relevant work, so the ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With VE assistance, the ALJ found Plaintiff capable of performing representative jobs, such as cleaner, industrial; cleaner II; and marker.  (AR 24-25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747,

750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred at step three in finding that she did not meet Listing 12.05C.  She asks that the ALJ's decision be reversed and her claim remanded for a finding of disability, or further proceedings in the alternative.  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded, it should be remanded for further proceedings.

<u>Listing 12.05C</u>

At step three of the sequential evaluation of disability, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations.  The Listing of Impairments describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).  If a claimant meets or equals a listing, the claimant is found *per se* disabled without further inquiry.

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for claimant's impairment to meet the listing.  *Tackett*, 180 F.3d at 1099.  The listing at issue in this case has three requirements:

(1) Significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifesting during the developmental period (before age 22)

(2) A valid verbal, performance, or full-scale IQ of 60-70

(3) A physical or other mental impairment imposing an additional and significant work-related limitation of function.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

The only dispute in this case is whether Plaintiff satisfies the second requirement; the parties do not dispute[2] that she satisfies the other two requirements. Dkt. 12 at 5-9, 12-13; Dkt. 15 at 3-4. Specifically, Plaintiff argues that the ALJ erred in failing to acknowledge her full-scale IQ scores of 70, even though the ALJ mentioned at least one of those scores elsewhere in the decision. (*See* AR 16 (mentioning 2006 school records tested Plaintiff's IQ and assigned her a full-scale score of 70 and a diagnosis of Specific Learning Disability).)

In her response brief, the Commissioner contests the validity of those 2006 IQ scores, noting that regulations indicate that scores obtained from testing performed before a claimant is 16 years old are valid for only two years, and thus Plaintiff's testing as a 13-year-old cannot establish her IQ as an adult. *See* Dkt. 15 at 2-3 (citing 20 C.F.R. Part 404, Subpart P, App. 1, § 112.00D(10)).

In reply, Plaintiff disputes whether the regulation cited by the Commissioner applies[3] to the case, and also notes that in any event, the record indicates that she was retested at age 16 and her full-scale IQ score remained the same. Dkt. 16 at 1-2 (citing AR 235, 255). The evidence cited by Plaintiff does indicate that she was tested sometime after she was 13, but there is no date provided for the testing and the score is merely referenced in education records; a report from the professional who performed the test is not in the record. (AR 235.) This evidence is, therefore,

---

[2] The Commissioner does not defend the ALJ's findings as to the other requirements of Listing 12.05C, nor does she argue that Plaintiff does not satisfy those requirements. Dkt. 15 at 3-4. Accordingly, the Court construes the parties' dispute to pertain to the second requirement only.

[3] The Court finds that this regulation is applicable to Plaintiff's situation, even though the ALJ did not apply child's listings to this case, because the regulation does not limit its applicability to child's listings. Instead, the regulation more broadly addresses the validity of IQ scores where the testing is performed before a claimant is 16 years old. *See* 20 C.F.R. Part 404, Subpt. P, App. 1, § 112.00D(10) ("Generally, the results of IQ tests tend to stabilize by the age of 16 . . . .").

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

ambiguous.

This ambiguity should have been addressed and resolved by the ALJ, but the ALJ did not discuss any IQ testing subsequent to 2006 nor did the ALJ further develop the record to ascertain Plaintiff's adult IQ.  Although the Commissioner argues that further development of the record on this point is not necessary, because Plaintiff did not claim intellectual disability in her benefits application and her examining providers did not suspect cognitive deficits (Dkt. 15 at 3), this argument is not persuasive for multiple reasons.  In her benefits application, Plaintiff did, in fact, claim to have a learning disability and comprehension problems.  (AR 220.)  Furthermore, one of Plaintiff's examining psychologists noted her history of special education (AR 303), and the other treatment note cited by Plaintiff is an emergency department note after Plaintiff overdosed on melatonin, and the social worker focused on providing acute, emergent care rather than evaluating the full spectrum of Plaintiff's condition (AR 338-39).  Moreover, a lack of a diagnosed intellectual disability/mental retardation does not preclude application of Listing 12.05C.  *See Gomez v. Astrue*, 695 F.Supp.2d 1049, 1057-58 (C.D. Cal. 2010).

Because the record as currently constituted is ambiguous as to Plaintiff's adult IQ  score, the proper remedy in this case is a remand for further development of the record.[4]  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (indicating that a remand for a finding of disability would be appropriate only if the record is fully developed and further proceedings would not be useful).  On remand, the ALJ shall either obtain the testing documentation related to Plaintiff's WISC-IV results (referenced at AR 235), or shall order new

---

[4] The Court recognizes that the Plaintiff bears the burden to prove disability at step three.  This burden is held in tension with the ALJ's duty to develop an ambiguous record, however, and the ALJ's failure to acknowledge the existence of IQ scores subsequent to 2006 suggests to the Court that the ALJ did not fully appreciate the ambiguities present in this record.  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (addressing the ALJ's duty to develop the record).

IQ testing to be performed, and then, if necessary, reconsider the step-three findings related to Listing 12.05C.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 25, 2016**.

DATED this 9th day of March, 2016.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 7